IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCHELL WOJTANEK, | ) |
| Plaintiff, | ) 09 C 6551 |
| v. | ) |
| PACTIV CORPORATION | ) |
| Defendant. | ) Hon. Charles R. Norgle |

**OPINION AND ORDER**

Before the Court are two motions to compel discovery responses and one motion for sanctions filed by *pro se* Plaintiff Mitchell Wojtanek ("Wojtanek") and two motions for sanctions filed by Defendant Pactiv Corporation ("Pactiv"). For the following reasons, Pactiv's motions are granted in part and denied in part, Wojtanek's motion for sanctions is denied, and Wojtanek's discovery motions are denied as moot.

**I. BACKGROUND**

Wojtanek alleges harassment and discrimination based on his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* Wojtanek applied for employment with Pactiv in August of 2006, began work on September 1, 2006, and was terminated on November 17, 2006, during his probationary period. As set forth in previous Orders, what should be a straightforward age discrimination case has devolved into a protracted and contentious battle over sanctions and discovery.

Between October 5, 2011 and November 16, 2011, Pactiv filed seven separate motions for sanctions against Wojtanek. On October 7, the Court granted the first of these motions and ordered Wojtanek to pay $500 to Pactiv's counsel. On October 21, the

parties appeared in Court for a hearing on a motion for sanctions filed by Pactiv and on various motions filed by Wojtanek. During the hearing, the Court questioned Wojtanek regarding his numerous accusations that Pactiv's counsel lied to him and to the Court. After Wojtanek failed to provide any support for his accusations, the Court granted Pactiv's motion for sanctions and admonished Wojtanek for having "falsely accused [Pactiv's counsel] of lying." Def.'s Mot. for Further Sanctions Ex. A. The Court further warned Wojtanek "not [to] do this again or I will dismiss this lawsuit." Id. The Court then asked Wojtanek if he understood, to which Wojtanek replied, "Yes, your Honor." Id.

Despite the Court's admonition, Wojtanek continued to file frivolous motions levying baseless accusations against Pactiv's counsel. On October 27, Wojtanek filed a Motion to Stop the Defendant's Frivolous Motions for Sanction and Frivolous Advocacy.[1] On November 2, Wojtanek filed a Motion to Strike Defendant's Meritless Frivolous Sanction Tending to Obstruct Justice. On November 7, Wojtanek filed a Motion for Sunction and Striking Defendant's Frivolous Additional Sanctions by Misleading and Lying to the Court. On November 14, Wojtanek filed a Motion for Contempt. In these motions, Wojtanek accuses Pactiv's counsel of, *inter alia*, abusing the Rules of Professional Conduct, refusing to meet with him to prepare the Final Pretrial Order, making false statements to the Court, and taking actions for the sole purpose of embarrassing and harming his wife's fragile health.

---

[1] The Court interprets Wojtanek's *pro se* filings liberally and is aware that English is not his first language. For purposes of clarity, the Court notes that his grammatical and spelling errors are "too numerous to add '[sic]' where required." Stanard v. Nygren, 658 F.3d 792, 799 (7th Cir. 2011) (internal quotation marks omitted). Clearly, Wojtanek is not penalized for these errors.

2

On November 14, the Court again admonished Wojtanek that he must pay the $500 sanction. The Court also warned Wojtanek that, "[w]hen a district court judge is unable to dispose of a matter because a recalcitrant plaintiff systematically refuses to obey the court's orders, dismissal is justified." Min. Order, Nov. 14, 2011 (quoting Lewis v. School Dist. #70, 648 F.3d 484, 489 (7th Cir. 2011)). On November 16, in response to Wojtanek's November 14 contempt motion, Pactiv filed another motion for sanctions. On December 2, Wojtanek conceded in open court that he failed to pay the $500 sanction and the Court imposed an additional $500 sanction to be paid to Pactiv's counsel. Wojtanek was instructed to pay the two sanctions, totaling $1,000, within twenty-eight days. The Court again admonished Wojtanek that if he failed to comply with its Orders, he could face additional sanctions, which may ultimately include dismissal.

Wojtanek did not file a response to Pactiv's November 16 sanctions motion and, on December 5, Pactiv filed a fourteen-page, nine-exhibit reply requesting that the Court dismiss the case, enjoin Wojtanek from pursuing other actions against Pactiv, and award Pactiv attorneys' fees associated with the sanctions motions. The Court granted Wojtanek an opportunity to respond to Pactiv's reply by December 29. Wojtanek filed a reply on December 21, wherein he rehashed many of the same claims and accusations. On December 27, Wojtanek filed a "Notice of Sanctioned Payment" stating that he timely paid the full $1,000 sanction to Pactiv's counsel.

On January 31, 2012, the Court denied Pactiv's five pending motions for sanctions, noting that they were all filed prior to Wojtanek's payment of the $1,000 sanction. However, the Court admonished Wojtanek as follows:

> While the Court has discretion to impose further sanctions, including dismissal, it declines to do so at this time. If at all possible, this case should be resolved on the merits. If monetary sanctions ultimately prove ineffective to move this case forward, the Court may revisit the more drastic sanctions sought by Pactiv. See, e.g., Lewis v. School Dist. #70, 648 F.3d 484, 488 (7th Cir. 2011). Wojtanek is once again admonished that "[f]rivolous, vexatious and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." United States ex rel.Verdone v. Circuit Court for Taylor Cnty., 73 F.3d 669, 671 (7th Cir. 1995).

Min. Order, Jan. 31, 2012.

Also on January 31, the Court denied six motions filed by Wojtanek. There, the Court explained:

> Wojtanek's motions relating to sanctions, professional misconduct, ethics, and contempt are frivolous and without merit. As [Pactiv] argues, these motions are replete with baseless assertions and form the basis upon which Pactiv seeks sanctions in this case. At this point, Wojtanek's repetitive filings are, to put it simply, a waste of judicial resources. "Frivolous, vexatious and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." United States ex rel.Verdone v. Circuit Court for Taylor Cnty., 73 F.3d 669, 671 (7th Cir. 1995). It is settled law that courts have inherent power to impose sanctions for abuse of the judicial system. The Court is obliged to liberally construe Wojtanek's *pro se* pleadings, but the Court is not obliged to countenance repeated motions that have no merit. Therefore, Wojtanek is once again warned that in the future, any frivolous motion, pleading, or other submission to the Court may result in the imposition of sanctions, up to and including dismissal of this action with prejudice.

Min. Order, Jan. 31, 2012.

On February 1, Pactiv filed a Motion for Additional Sanctions based on Wojtanek's Reply to Defendant's Continuing Opposition to Plaintiff's Motions to Make Disclosures. That reply, filed by Wojtanek on January 25, contained numerous unsupported accusations, including that Pactiv's counsel: (i) "intentionally and knowingly" violated "Modern Ethics Rules," the Federal Rules of Evidence, and the

4

Federal Rules of Civil Procedure; (ii) "knowingly and deliberately obstruct justice interfering with the Court process"; (iii) "deliberately and willfully lied, committed fraud upon Court, expecting to change the outcome"; (iv) lied to the Court in order to "injury my reputation, harm my sincerity"; and (v) falsified documents and tampered with his personnel file, all with the "clear goal to deprive me of ability to seek justice." Pl.'s Reply to Def.'s Continuing Opp. to Pl.'s Mots. to Make Disclosures 1-3. Wojtanek's brief contained no evidence in support of these assertions.

On February 3, Wojtanek filed a Motion for Sanction for Frivolous Motion for Additional Sanctions, once again alleging, *inter alia*, that Pactiv's counsel has "deliberately misled and defrauded the Court." On February 17, Pactiv filed another motion for sanctions, adding Wojtanek's February 3 motion to the litany of alleged sanctionable conduct.

On August 7, 2012, the Court set these motions for oral argument to be held on August 31. While counsel for Pactiv was present at the scheduled oral argument, Wojtanek failed to attend. The Court ordered counsel for Pactiv to submit a proposed order, which Wojtanek also received and to which he subsequently responded. Pactiv requests that the Court dismiss this case with prejudice, order Wojtanek to pay $10,000 in attorneys' fees associated with the motions for sanctions, and enjoin Wojtanek from filing future lawsuits against Pactiv. Having considered all of the above filings, the Court grants Pactiv's motion for dismissal with prejudice, but denies the remainder of the relief requested.

## II. DISCUSSION

"While the power to sanction via dismissal is one which should be exercised with great care, it is 'essential' to a court's ability to efficiently manage its caseload." Lewis, 648 F.3d at 488 (quoting Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177-78 (7th Cir. 1987)); see also Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) ("[O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion."). Months have passed since the Court first admonished Wojtanek that, pursuant to its inherent power to control proceedings, the continued filing of frivolous, unsupported motions accusing Pactiv's counsel of dishonesty (among other things) may lead to additional sanctions, including dismissal. Since the first warning, Wojtanek has been admonished on numerous occasions that dismissal could result from his continued refusal to comply with the Court's orders. Wojtanek has also been sanctioned $1,000. Despite all of this, Wojtanek shows no sign that he will discontinue the pattern of behavior described herein. To the contrary, Wojtanek's unsupported allegations have only continued and intensified.[2] The more stringent sanction of dismissal is therefore appropriate at this time. See Lewis, 648 F.3d at 489 ("When a district court judge is unable to dispose of a matter because a recalcitrant plaintiff systematically refuses to obey the court's orders, dismissal is justified."); see also Fed.

---

[2] Wojtanek's February 22 response to Pactiv's Motion for Additional Sanctions accuses Pactiv's counsel of: "knowingly trying to deprive my wife and me of ability to function and survive . . . ruin my sincerity, deprive me of dignity . . . abuse, and delay the Court process . . . abuse me, applying deceitful acts with the ongoing, unrestrained unlawful stratagems and trickery tacking advantage of litigant *pro se*." Pl.'s Resp. to Def.'s Reply in Supp. of Mot. for Additional Sanctions 4-5. Wojtanek's March 2 response to Pactiv's Motion for Further Sanctions accuses Pactiv's counsel of: "outrageous, disgraceful advocacy . . . lying before the Court, in blackmail, dishonest, with the numerous, vexatious malicious, meritless, motions for sanctions, to delay, subdue, harass my wife and me, and take control of this general public interest lawsuit." Pl.'s Resp. to Def.'s Mot. for Further Sanctions 1. Wojtanek further asserts that Pactiv's counsel's conduct "can result in eventual disbarment." Id. at 2.

Election Com'n v. Al Salvi for Senate Comm., 205 F.3d 1015, 1018 (7th Cir. 2000) ("[A] federal court is granted authority to dismiss an action pursuant to Rule 41(b) for failure to comply with a prior court order." (citing Fed. R. Civ. P. 41(b)); English v. Cowell, 969 F.2d 465, 473 (7th Cir. 1992) ("Even if the plaintiffs could not have satisfied the monetary sanctions, their conduct related to the imposition of these sanctions, such as ignoring the court's orders or continuing to file frivolous motions despite previous warnings, well might justify dismissal."). This case is therefore dismissed with prejudice.

In addition to dismissal, Pactiv requests that Wojtanek be enjoined from filing future lawsuits against it. Although this request is not baseless,[3] it is nevertheless denied as overbroad. In any event, the judicial doctrine of claim preclusion will protect Pactiv from the possibility of having to defend against this lawsuit again.

Finally, Pactiv requests that Wojtanek pay $10,000 in attorneys' fees associated with the motions for sanctions. "A court asked to award sanctions that compensate the prevailing party for attorneys' fees must ensure that the time was reasonably devoted to the litigation." Szopa v. United States, 460 F.3d 884, 886 (7th Cir. 2006). Although Wojtanek's filings may have been baseless, the need for Pactiv to file nine motions for sanctions, see Doc. Nos. 53, 62, 69, 72, 80, 87, 90, 117, 126, between October 5, 2011 and February 17, 2012—nearly all of them repeating the same basic allegations—is

---

[3] As the Court previously noted in a December 7, 2011 Order, Wojtanek has a history of multiple filings in the same dispute. See Wojtanek v. Consolidated Container Co., No. 09 C 202, 2011 WL 4036126 (N.D. Ill. Sept. 12, 2011) (Mason, M.J.); Wojtanek v. Consolidated Container Co., No. 11 C 790 (Feinerman, J.); Wojtanek v. District Lodge No. 8 of the Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, No. 08 C 3080, 2011 WL 1002847 (N.D. Ill. Mar. 17, 2011) (Pallmeyer, J); Wojtanek v. District Lodge No. 8 of the Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, No. 08 C 7074, 2011 WL 248495 (N.D. Ill. Jan. 25, 2011) (Lefkow, J.). Indeed, Wojtanek filed a second lawsuit against Pactiv over two years after he filed this one. See Wojtanek v. Pactiv Corp., No 11 C 8320 (Bucko, J.) (filed on November 21, 2011, consolidated and reassigned to this Court's calendar on January 31, 2012, and dismissed on March 26, 2012).

questionable at best. Wojtanek has already been fined $1,000 in this case, and now has been levied with the ultimate sanction of dismissal. That is enough. Pactiv's request for $10,000 in attorneys' fees is denied.

### III. CONCLUSION

For the foregoing reasons Pactiv's motions for sanctions are granted in part and denied in part, Wojtanek's motion for sanctions is denied, and Wojtanek's two discovery motions are denied as moot. This case is dismissed with prejudice.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: September 27, 2012

8